*Funez-Guillen v. Blanche*

BIA
A240 479 255/256

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand twenty-six.

PRESENT:
>PIERRE N. LEVAL,
>RAYMOND J. LOHIER, JR.,
>SARAH A. L. MERRIAM,
>>*Circuit Judges.*

_____

JENNIFER ANDREA FUNEZ-GUILLEN, C.A.B.-F.,[1]
>*Petitioners,*

v.

24-3118
NAC

TODD BLANCHE, ACTING UNITED

_____

[1] We use only initials to refer to the minor petitioner in this publicly accessible order.

**STATES ATTORNEY GENERAL, [2]**
        *Respondent.*

_____

FOR PETITIONERS:              Lilin M. Ciccarone, CMA Law Group, PLLC,
                              Glen Cove, NY.

FOR RESPONDENT:               Brett Shumate, Assistant Attorney General;
                              Sheri R. Glaser, Acting Assistant Director;
                              Peter Gannon, Trial Attorney, Office of
                              Immigration Litigation, United States
                              Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DENIED.

Jennifer Andrea Funez-Guillen and her minor child, natives and citizens of

Honduras, seek review of a November 4, 2024, decision of the BIA denying their

motion to reopen removal proceedings.  *See In re Jennifer Andrea Funez-Guillen*,

Nos. A A240 479 255/256 (B.I.A. Nov. 4, 2024).  We assume the parties' familiarity

with the underlying facts and procedural history.

"We review a BIA decision to deny reopening deferentially for abuse of

_____

[2] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Todd Blanche is automatically substituted for former Attorney General Pamela Bondi as Respondent.

discretion." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). However, "we review de novo constitutional claims and questions of law." *Luna v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011).

Where, as here, a movant seeks reopening to apply for asylum and withholding of removal[3] more than 90 days after the final administrative order, the BIA may deny the motion as untimely if the movant fails to establish a material change in country conditions, or it may deny the motion if the movant has not met her burden of showing that new evidence would change the outcome of the proceedings. *See* 8 U.S.C. §§ 1229a(c)(7)(C)(i)–(ii) (setting 90-day deadline and changed conditions exception); *INS v. Abudu*, 485 U.S. 94, 104 (1988) (holding that the failure to establish "a prima facie case for the underlying substantive relief sought" is an "independent ground[] on which the BIA may deny a motion to reopen"); *Jian Hui Shao*, 546 F.3d at 168 (explaining that the burden is on the movant to show "that the proffered new evidence would likely alter the result in her case"). The BIA did not abuse its discretion in finding that Funez-Guillen failed to establish prima facie eligibility for the relief sought.

---

[3] Neither Funez-Guillen's motion to reopen nor her brief here presses a claim for reopening to apply for relief under the Convention Against Torture.

First, contrary to her allegations here, Funez-Guillen did not submit country conditions evidence in connection with her motion to reopen showing an increase in violence in Honduras or the targeting of family members of gang affiliates generally. The BIA acknowledged her fear of persecution premised on her newly articulated social group (family of gang members), but concluded that a fear of gang recruitment and violence generally does not constitute a basis for asylum or withholding of removal.

Second, Funez-Guillen does not address the other elements of prima facie eligibility; specifically, she does not challenge the BIA's conclusion that she did not establish a nexus to a protected ground even considering her new group. Accordingly, she has abandoned a dispositive ground for the BIA's denial of reopening. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)); *Paloka v. Holder*, 762 F.3d 191, 195–97 (2d Cir. 2014) (requiring an applicant for asylum and withholding of removal based on membership in a particular social group to show *both* a cognizable group *and* a

4

nexus between group membership and the harm feared).

Third, we agree with the BIA's conclusion that a fear of gang violence and recruitment lacks nexus to the asserted protected ground. Evidence that a gang has general criminal motives, like recruitment, undercuts a claim of nexus to a protected ground. *See, e.g.*, *Quituizaca v. Garland*, 52 F.4th 103, 114–15 (2d Cir. 2022) (rejecting a claim that ethnicity motivated robberies by gang members). "[W]hile certain segments of a population may be more susceptible to one type of [gang] criminal activity than another, where the residents all generally suffer from the gang's criminal efforts to sustain its enterprise, the significant societal problems that result may not support relief in the form of asylum or withholding of removal." *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 590 (2d Cir. 2021) (quotation marks omitted); *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985) (explaining that persecution is harm inflicted to "punish" a person "for possessing a belief or characteristic a persecutor sought to overcome"). Here, nothing submitted in connection with Funez-Guillen's motion to reopen reveals that the gang saw her as possessing a belief or characteristic to overcome; rather, her sister's statement that the gang wanted to recruit her shows that the gang simply wanted Funez-

5

Guillen to join its criminal activities. *See Quituizaca*, 52 F.4th at 114–15; *cf. Matter of Acosta*, 19 I. & N. Dec. at 222. Nor did the threat reveal that the gang targeted her because of her family membership, rather than because she was an available target. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) ("[An] applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from [a protected ground].").

Because this determination is dispositive of reopening premised on new evidence, we do not reach the BIA's changed country conditions determination. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

We also agree with the BIA's denial of Funez-Guillen's motion to reopen premised on ineffective assistance of counsel. To obtain reopening on this basis, a movant "must show that counsel's performance fell below an objective standard of reasonableness and that [s]he was prejudiced as a result of such deficient performance." *Paucar v. Garland*, 84 F.4th 71, 80 (2d Cir. 2023) (quotation marks omitted). A movant must also comply with procedural requirements set forth in

6

*Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). *See Jian Yun Zheng v. U.S. Dep't*

*of Just.*, 409 F.3d 43, 45–46 (2d Cir. 2005).

> [U]nder *Lozada*, a [party] seeking relief from an order of deportation
> or exclusion on the basis of ineffective assistance of counsel must
> submit: (1) an affidavit setting forth in detail the agreement with
> former counsel concerning what action would be taken and what
> counsel did or did not represent in this regard; (2) proof that the alien
> notified former counsel of the allegations of ineffective assistance and
> allowed counsel an opportunity to respond; and (3) if a violation of
> ethical or legal responsibilities is claimed, a statement as to whether
> the alien filed a complaint with any disciplinary authority regarding
> counsel's conduct and, if a complaint was not filed, an explanation for
> not doing so.

*Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005) (quotation marks omitted). These

*Lozada* requirements "serve to deter meritless claims and to provide a basis for

determining whether counsel's assistance was in fact ineffective." *Id*. A movant

"who has failed to comply substantially with the *Lozada* requirements in her

motion to reopen before the BIA forfeits her ineffective assistance of counsel claim

in this Court." *Jian Yun Zheng*, 409 F.3d at 47.

Funez-Guillen submitted only an affidavit detailing her dissatisfaction with

counsel's performance in her earlier removal proceedings. Even if that affidavit

satisfies the first *Lozada* requirement, there is no indication that Funez-Guillen

notified counsel of her allegations and afforded counsel a chance to respond, or

7

that she filed a complaint with a disciplinary committee. *See Twum*, 411 F.3d at 59.

She now asserts, without citation to the record or further development, that the

BIA denied reopening despite her compliance with *Lozada*, but this is not

supported by the record. Nor could her lack of compliance be excused here

because there is no objective evidence of ineffective assistance that would obviate

the need to give counsel an opportunity to respond. *See Yi Long Yang v. Gonzales*,

478 F.3d 133, 142–43 (2d Cir. 2007) (finding substantial compliance where an IJ

relied on "counsel's [lack of] competence and the fact that counsel was

subsequently disbarred for malpractice as an immigration attorney").

Because Funez-Guillen's failure to substantially comply with *Lozada* forfeits

her ineffectiveness claim, we need not reach the BIA's conclusion that she failed to

establish prejudice from any deficient representation. *See Bagamasbad*, 429 U.S. at

25; *Jian Yun Zheng*, 409 F.3d at 47. Regardless, she has abandoned review of the

prejudice finding by not adequately challenging it here. *See Debique*, 58 F.4th at

684; *Yueqing Zhang*, 426 F.3d at 545 n.7 (finding a claim abandoned where a

petitioner "devote[d] only a single conclusory sentence to the argument").

For the foregoing reasons, the petition for review is DENIED. All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

9